## GRANITE STATE INSURANCE COMPANY v. RUSSELL C. ROBERTS, JUDGE

5-5562                                                465 S. W. 2d 332

Opinion delivered April 12, 1971

*Whetstone & Whetstone,* for petitioner.

*Guy H. Jones, Phil Stratton* and *Guy Jones, Jr.,* for respondent.

J. Fred Jones, Justice. This is an original action brought in this court by Granite State Insurance Company, as petitioner, seeking a writ of prohibition against the Honorable Russell C. Roberts, Judge of the Conway County Circuit Court, restraining Judge Roberts from proceeding further in connection with a suit now pending in said court wherein Grover L. Martin filed a suit against Granite State Insurance Company for recovery of the maximum amount payable under an uninsured motorist endorsement to an insurance policy issued by Granite State to Martin.

The factual background for Granite State's petition is as follows: On March 5, 1969, John L. Romes filed suit in the Pulaski County Circuit Court alleging that on March 1, 1969, he sustained personal injuries and property damage in a collision with an automobile operated by Martin in Pulaski County, Arkansas; that Martin's negligence was the proximate cause of the collision and Romes' resulting damage. The complaint prayed judgment against Martin in the amount of $35,000 for personal injuries, together with $500 for property damage.

On March 17, 1969, Martin filed his answer of general denial, and affirmatively alleged that whatever damages Romes sustained were entirely due to Romes' own negligence in the operation of his automobile. On November 12, 1969, Martin filed an amendment to his answer affirmatively alleging certain acts of negligence on the part of Romes as a complete bar to Romes' cause of action against him.

On November 24, 1969, Martin, through different attorneys, filed a counterclaim against Romes in the Pulaski County case alleging certain injuries sustained by Martin as a direct and proximate result of specifically alleged acts of negligence on the part of Romes in the operation of Romes' automobile and as a result of his alleged injuries, Martin prayed judgment against Romes in the amount of $50,000.

On November 26, 1969, Romes filed an amendment to his original complaint more specifically setting out the alleged acts of negligence on the part of Martin; and setting out that the plaintiff Romes' "collision" insurance carrier, had paid his property damage loss with the exception of $50 deductible under the policy, and the amendment prayed judgment for $35,050 rather than $35,500 as originally prayed.

At a jury trial of the issues as thus joined in the Pulaski County Circuit Court, the jury was unable to agree on a verdict as to Romes' complaint against Martin, but did render a partial verdict, finding for the plaintiff Romes on Martin's counterclaim against him. On January 16, 1970, judgment was entered on the verdict adjudging that Martin take nothing by reason of his counterclaim against Romes. The counterclaim was dismissed with prejudice and Romes was awarded his costs in connection with Martin's counterclaim. A mistrial was declared on Romes' complaint against Martin, and the matter was ordered placed on trial docket for retrial of those issues.

On appeal to this court from an order denying Martin's motion in arrest of judgment, we held that the trial court erred in entering judgment on the partial verdict and we reversed, holding that all the issues between the parties must be disposed of in a single action. *Martin* v. *Romes,* 249 Ark. 927, 462 S. W. 2d 460, (February 1, 1971).

On August 26, 1970, Martin, through the same attorneys who represented him on his counterclaim in the Pulaski County Circuit Court, filed a complaint in the Circuit Court of Conway County against the Granite State Insurance Company alleging that the defendant insurance company had issued an insurance policy to Martin; that Martin was involved in a collision in Pulaski County wherein his vehicle was struck from the rear by an automobile driven by John L. Romes; that Romes and his automobile were uninsured within the meaning of the language contained in Martin's insurance policy. A copy of the policy was made an ex-

hibit to the complaint and the complaint alleges that Martin sustained personal injuries to his damage in the amount of $50,000, and that the defendant, Granite State Insurance Company, is indebted to the plaintiff Martin in the aggregate sum of $10,000 under his policy of insurance. Martin prayed judgment against Granite State for $10,000, together with penalty and attorneys' fees.

On September 15, 1970, Granite State, through the same attorneys who filed answer for Martin in the Pulaski County case, filed a motion in the Conway Circuit Court praying a dismissal of the complaint filed against it by Martin in that county, for the reason that the same issues were still pending between the same parties in the Circuit Court of Pulaski County, and the Conway County Circuit Court was without jurisdiction. The trial court denied the motion and as a basis for its motion in this court for prohibition, the petitioner states:

"For all practical and legal intents and purposes the matter now pending in the circuit court of Pulaski County involves the same subject matter, the same issues, and the same parties (privies) as that sought to be litigated in Conway Circuit Court and the Pulaski Circuit Court having first acquired jurisdiction, there is no jurisdiction in Conway County."

The insuring agreement under the uninsured motorist endorsement on the policy issued by Granite State to Martin provides as follows:

"Damages for Bodily Injury Caused by Uninsured Automobiles: The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by the insured, caused by accident and arising out of the ownership, main-

tenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.

No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company."

Granite State filed its petition now before us, through the attorneys who filed the answer for Martin in the Pulaski County Circuit Court. The attorneys who represented Martin on his counterclaim in Pulaski County, and who filed the suit now pending against Granite State in Conway County, have filed a brief in support of the action taken by the respondent, Russell C. Roberts, Judge. It is obvious that Granite State carried the liability insurance with the uninsured motorist endorsement on Martin's automobile. It is entirely possible that Granite State employed counsel only to defend the action brought by Romes against its insured in Pulaski County, and that Martin employed separate counsel to represent him in his counterclaim in that action; but, be that as it may, the record now before us is completely silent as to Granite State's interest in the Pulaski County case (*Martin* v. *Romes, supra*).

Assuming that Granite State is correct in its contention that "for all practical and legal intents and purposes the matter now pending in the circuit court of Pulaski County involves the same subject matter, the same issues, and the same parties (privies) as that

sought to be litigated in Conway Circuit Court. . ."; this contention is made in the face of the provision in the policy providing that:

> "no judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled *unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company.*" (Emphasis added).

There is no evidence in the record before us that Granite State's insured, Grover L. Martin, ever obtained any kind of consent from Granite State before prosecuting his counterclaim against Romes in the Pulaski County Circuit Court. By the plain words of the insurance contract, the issues as to liability or any judgment Martin might obtain against Romes in the Pulaski County Circuit Court action, would not be conclusive as between Granite State and its insured Martin, unless the judgment should be entered pursuant to an action prosecuted by the insured *with the written consent of the company.*

There is no evidence in the record before us that Granite State was ever a party to the litigation pending in Pulaski County, and there is no evidence, as the record now stands, that Granite State did or did not consent to the action instituted or the judgment rendered in the Pulaski County Circuit Court. We conclude, therefore, that the petitioner, Granite State Insurance Company, has failed in the discharge of its burden of showing grounds for the invocation of the extraordinary powers of this ·court to prevent by prohibition the exercise of jurisdiction inherent in the trial court, and of showing that the respondent judge erred in denying Granite State's motion to dismiss Martin's complaint in the Conway County Circuit Court. *MFA Mutual Ins. Co.* v. *Bradshaw,* 245 Ark. 95, 431 S. W. 2d 252.

The petition for writ of prohibition is denied.