BARRY HALE, bnf Wallace Hale

*v.*

STATE FARM MUTUAL INSURANCE Co. and Nationwide
Mutual Insurance Co.

WALLACE HALE

*v.*

STATE FARM MUTUAL INSURANCE Co. and Nationwide
Mutual Insurance .Co.

474 S.W.2d 905.

(*Knoxville,* September Term, 1971.)

Opinion filed December 6, 1971.

Petition on Rehearing Denied January 7, 1972.

JACK H. McPHERSON, JR., BADGER & McPHERSON, Kingston, for Barry Hale and Wallace Hale.

JESS E. PEARMAN, Harriman, for State Farm Mutual Insurance Company.

ROBERT B. RAY, POORE, COX, BAKER, McAULEY, RAY & BYRNE, Knoxville, for Nationwide Mutual Insurance Company.

Mr. Justice Creson delivered the opinion of the Court.

The instant case is before us on appeal from the Circuit Court of Roane County. Our jurisdiction is directly invoked to determine the present controversy since the facts have been stipulated below.

In this opinion the parties will be designated by their adversary status in the trial court; that is, Barry Hale and Wallace Hale, as plaintiffs, and State Farm Mutual Insurance Company and Nationwide Mutual Insurance Company, as defendants.

The plaintiffs in the instant case filed declarations seeking to recover for alleged breaches of insurance contracts by defendants. The declarations of plaintiffs set forth identical allegations upon which recovery is based. The plaintiffs aver that prior to June 25, 1967, State Farm and Wallace Hale entered into a contract of insurance; that the agreement between State Farm and Wallace Hale provided among other things to idemnify the named insured or his family for damages suffered by virtue of the negligence of an uninsured motorist; that prior to aforementioned date Nationwide entered into a contract of insurance with Herman O. Wilkerson; and that the policy issued by Nationwide provided that Nationwide would compensate the insured or his guest for damages sustained through the negligence of an uninsured motorist.

Plaintiffs further allege that on June 25, 1967, Barry Hale, the minor son of Wallace Hale, sustained serious bodily injury in an automobile accident while riding in the vehicle of Herman O. Wilkerson as a guest passenger; that the automobile accident was the result of the negligence of Joyce Rievley, an uninsured motorist; that on June 20, 1968, Barry Hale, by his next friend Wallace Hale, filed suit against Joyce Rievley seeking recovery for the damages sustained in the automobile accident; that on the same date Wallace Hale instituted an action against Joyce Rievley to recover for loss of services of his minor son; that both defendants were promptly notified of the filing of these suits; that on September 18, 1969, a judgment was entered in favor of Barry Hale in the amount of $4,800.00 and Wallace Hale was adjudged to be lawfully entitled to the sum of $5,000.00 for his loss of services of his minor son; that after these judgments

became final demand was made upon both defendants for payment of the damages sustained; and that defendants have willfully refused to pay in violation of their contractual obligations.

Nationwide filed its plea to the declaration asserting that it did not promise as the plaintiff alleges and that it does not owe the plaintiff.

State Farm in its plea admits that it issued a policy of liability insurance to Wallace Hale prior to the date of the accident; that Barry Hale was riding as a guest passenger in the automobile of Herman O. Wilkerson when it was involved in an accident with a vehicle driven by Mrs. Rievley; that Barry Hale did receive some injuries in this accident but that the extent of these injuries is unknown; that on June 20, 1968, plaintiffs filed their actions against Joyce Rievley and Sue W. Humphreys, Administratrix of the Estate of Herman O. Wilkerson; that on September 18, 1969, the plaintiffs took a default judgment against Mrs. Rievley, but that plaintiffs took a non-suit against Sue W. Humphreys, Administratrix, thus waiving any claim against the estate of Herman O. Wilkerson, who was insured by defendant Nationwide Insurance Company; and that the trial court entered judgments for plaintiffs in the aforementioned amounts against Mrs. Rievley. State Farm denies that it was promptly notified of the pendency of the actions by plaintiffs against Joyce Rievley and Mrs. Humphreys in her representative capacity in that it was not served with a copy of the original summons until January 9, 1969.

State Farm further alleges that it is not liable under the policy to pay the judgments for various reasons.

These reasons are: (1) that plaintiffs acted "in bad faith" by taking a non-suit against Sue W. Humphreys, Administratrix, and a default judgment against the uninsured motorist without the knowledge or consent of State Farm; (2) that by the provisions of the policy the judgments entered in favor of the plaintiffs are not conclusive against State Farm as to either responsibility for injury or the amount of damages incurred since the action was prosecuted without the written consent of the company; (3) that by taking a voluntary non-suit against Mrs. Humphreys the plaintiffs made a settlement with a person who may be legally liable for the injury sustained without the consent of the insurer which by the terms of the policy relieves State Farm from any liability; (4) that plaintiffs failed to furnish defendant State Farm with a copy of the declaration filed against Rievley and the administratrix which is required by the terms of the contract under the uninsured automobile coverage; (5) that State Farm has no liability in that there was "other similar insurance" available to the plaintiffs and by the express terms of the policy the coverage provided by State Farm "shall apply only as excess insurance over any other similar insurance" which is available to the insured.

The parties in the court below entered into a number of stipulations. The substance of these stipulations is:

Nationwide had liability insurance on the vehicle of Herman O. Wilkerson. This policy provided for uninsured motorist coverage with a policy limit of $30,-000.00. Prior to any actions being instituted by plaintiffs against Joyce Rievley and Sue Humphreys, Administratrix, Nationwide paid the total amount of its coverage

under the uninsured motorist provisions of the policy to the estate of Herman O. Wilkerson.

On January 9, 1969, defendants were notified of the pendency of the actions by plaintiffs against Mrs. Rievley and Mrs. Humphreys. Defendants were notified by service of process in compliance with the provisions of T.C.A. sec. 56-1153; however, State Farm denies that the statute is applicable to the case at bar.

On September 18, 1969, a non-suit was taken against the administratrix, and the plaintiffs took a default judgment against Mrs. Rievley. The judgments against the uninsured motorist have not been satisfied as Joyce Rievley is execution proof.

Joyce Rievley is an uninsured motorist within the definition of that term in the insurance policies issued by both defendants. Both policies containing the uninsured automobile coverage were in full force and effect at the time of the accident. Plaintiffs have made demand on defendants to pay the judgments, but defendants have declined to pay any amount to plaintiffs.

T.C.A. sec. 56-1153 provides as follows:

*"Service upon the insurance carrier—Arbitration not required.*—Any insured intending to rely on the coverage required by secs. 56-1148—56-1153 shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its

own name; provided, however, that nothing in this paragraph shall prevent such owner or operator from employing counsel of his own choice; provided, further, that the evidence of service upon the insurance carrier shall not be made a part of the record.

The uninsured motorist provision shall not require arbitration of any claim arising thereunder nor shall the insured be restricted or prevented in any manner from employing legal counsel or instituting legal proceedings. (Acts 1967, ch. 371, sec. 6.)''

The trial judge, after argument by counsel and viewing the entire record, dismissed plaintiffs' suits against defendant Nationwide. However, the trial judge viewed plaintiffs' cause of action against defendant State Farm to be well taken and ordered State Farm to pay plaintiffs the amounts that had previously been awarded plaintiffs against the uninsured motorist, Mrs. Rievley.

From this judgment, State Farm excepted, prayed and perfected an appeal. Likewise, plaintiffs excepted to the action of the court below in dismissing their causes of action against Nationwide, and the Hales have seasonably perfected their appeals to this Court.

State Farm has assigned five errors to the judgment of the court below. These assignments are:

''1. The Court committed error in failing to dismiss the suit against State Farm for bad faith because Barry and Wallace Hale, without notice or consent of State Farm, took a non-suit in the case against the host driver-joint tortfeasor; and further by taking a default judgment against the uninsured motorist. By this method, the Hales

abandoned their claims against the host driver-joint tortfeasor, the full amount of which would have been recoverable from Nationwide Insurance under coverage 'E'.

2. The Court committed error in failing to dismiss the suit against State Farm as the judgments of the Hales against the uninsured motorist are not conclusive, either as to liability or damages as provided in the State Farm policy under: 'INSURING AGREEMENT III — UNINSURED MOTORIST COVERAGE', Coverage U, paragraph 2.

3. The Court committed error in failing to dismiss the suit against State Farm as taking a non-suit by the Hales against the host driver-joint tortfeasor amounted to a written consent or settlement with any person who may be liable for his injury, thus violating the insurance contract under: 'EXCLUSIONS — INSURING AGREEMENT III' 'Insurance Agreement Does not Apply (a)':

4. The Court committed error in failing to dismiss the suit against State Farm because the Hales instituted suit, before payment was made by this company, against the uninsured motorist and the host driver-joint tortfeasor without furnishing copies of the summons and complaints as provided in: 'CONDITIONS—INSURING AGREEMENT III' '12 Notice of Legal Action.'

5. The Court committed error in failing to dismiss the suit against State Farm as the host driver,

Herman O. Wilkerson, had other similar insurance available to the Hales. The result being State Farm's uninsured automobile coverage was not applicable under: 'CONDITIONS — INSURING AGREEMENT III' '14 Other Insurance.' "

The Hales have one assignment of error. It is:

"1. The trial court erred in dismissing the Plaintiff's suit against Nationwide Insurance Company."

In this opinion the assignments of State Farm will be considered first, then plaintiffs' sole assignment will be considered. The basic contention urged by State Farm in its first four assignments boils down to the proposition that plaintiffs, by pursuing their legal remedy against Mrs. Rievley, so breached the contract of insurance that State Farm was relieved of its contractual obligation to indemnify the Hales for damages incurred by the negligence of an uninsured motorist. This argument is not supported by the record in the instant case, and no amount of semantics can transform the persistent inaction of State Farm into legally justifiable excuse for avoiding its contractural obligations.

In its first assignment State Farm earnestly insists that plaintiffs in prosecuting the suits against the drivers of the automobiles involved in the accident were guilty of "bad faith" by taking a non-suit against the estate of the host driver. Defendant State Farm urges that if plaintiffs had not abandoned their claims then the full amount would have been recoverable against the co-defendant Nationwide. It is the opinion of this Court that State Farm's first assignment is bottomed on sur-

mise and speculation which cannot be indulged in. The plain truth is that there is no basis in the record to support such a contention. The first assignment is without merit.

In its second assignment State Farm asserts that the judgment obtained in plaintiffs' original action is not conclusive as to the insurer because of the following provision in the policy:

"No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company."

The second assignment is equally as untenable as the first. In the case of *Sexton v. Hartford Fire Ins. Co.* (1928) 7 Tenn.App. 273, it was stated that conduct on the part of the insurer which is inconsistent with an intention to insist upon a strict compliance with the provisions of a policy may constitute an implied waiver. Under the facts presented in the instant case we hold State Farm waived the above quoted provision in the insurance contract. State Farm was served and notified of the pendency of the first action instituted by plaintiffs over eight months prior to time judgment was entered against Mrs. Rievley. After being notified State Farm was inert.

In reference to the third assignment, State Farm contends that it is relieved of its contractual obligations because the taking of a non-suit against Mrs. Humphreys,

Administratrix, is equivalent to a settlement with a person who may be liable in violation of the terms of the policy.

 It is impossible for us to see how a non-suit can be equated with a settlement. The rule is well established that voluntary dismissal or non-suit does not deprive a plaintiff from bringing a subsequent suit and does not relieve a wrongdoer of any liability. *Lindsay v. Allen* (1904) 112 Tenn. 637, 82 S.W. 171. It is also settled beyond dispute that a settlement will discharge a tortfeasor of any liability. When the plaintiffs took the non-suit against Mrs. Humphreys, Administratrix, in their original action, the Hales did not release the estate of the host driver from any potential liability. We find no merit in the third assignment.

Under the fourth assignment State Farm takes the position that the trial court erred by failing to dismiss the suit against it because plaintiffs breached the contract by failing to give proper notice of the action pending against the estate of the host driver and Mrs. Rievley. The insurance contract provides:

> *"Notice of Legal Action.* If, before the company makes payment of loss hereunder, the insured or his legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of an automobile involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the company by the insured or his legal representative."

It is undisputed that plaintiffs did not give State Farm a copy of the declaration filed in the original suit. How-

ever, the only conclusion that can be reached from the facts in the instant case is that State Farm has waived the provision in the policy requiring that a copy of the declaration be delivered to the insurer when the summons is served on them. *Sexton v. Hartford Fire Ins. Co.,* supra.

■ As has been previously pointed out, State Farm was notified of the pendency of the first action eight months prior to the time judgment was entered against the uninsured motorist. During this period of time State Farm made no demand that it be furnished a copy of the declaration. Such conduct is a waiver of the provision that a copy of the declaration be provided to the insured.

In its final assignment of error, State Farm insists that it is not liable for the damages sustained by the plaintiffs since the coverage provided by the policy is applicable only as "excess insurance over any other similar insurance available" to the insured. Defendant State Farm contends that "other similar insurance" was available to the plaintiffs in that they were within the coverage provided by Nationwide under the policy issued to Herman O. Wilkerson. The other insurance clause of the State Farm policy is:

"14. *Other Insurance.* With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance.

Subject to the foregoing paragraph, if the insured has other similar insurance available to him against a loss covered by this coverage, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this coverage for a greater proportion of the applicable limit of liability of this coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance.''

The situation presented in the case at bar is indistinguishable from our recent case of *United Services Automobile Association v. Hartford Accident & Indemnity Company* (1967) 220 Tenn. 120, 414 S.W.2d 836. In case just previously cited, *United Services* had issued a policy of automobile liability insurance covering Lt. Col. Jacob Helms. Hartford had issued a policy of liability insurance to U-Haul Rental Corporation. Both of these policies were in full force and effect at the time Lt. Col. Helms was involved in an accident while driving a truck which had been rented from U-Haul. Three lawsuits were instituted against Lt. Col. Helms to recover the damages sustained in the accident. After these three claims had proceeded to judgment, but prior to their satisfaction, *United Services* filed suit against *Hartford* seeking a declaratory judgment that Hartford's liability was primary and the coverage provided under policy issued by *United* constituted only excess insurance.

In the *United Services* case we held that the other insurance clauses were ''repugnant to the general insurance provisions of the policies; and therefore void.''

■ The other insurance provision in the policy issued by State Farm is identical to the other insurance clause

previously considered by this Court, and we hold that the other insurance provision in the State Farm policy is void. State Farm's final assignment is without merit.

Plaintiffs, in their sole assignment, insist that the trial court erred in dismissing their suits against Nationwide. It is the contention of plaintiffs that since defendants undertook to provide coverage, then both defendants should be required to pay to plaintiffs the damages incurred in proportion to the amount of insurance provided under the two policies.

The record reflects that Nationwide paid to the estate of Herman O. Wilkerson the full amount of the uninsured motorist coverage provided in its policy prior to the time plaintiffs instituted their original actions against Mrs. Rievley and Mrs. Humphreys, Administratrix. In its brief, defendant Nationwide asserts that it has, in good faith, completely exhausted its entire coverage, and the coverage of State Farm, which is still intact, should be used to indemnify the Hales.

While it is true that in *United Services,* supra, we required "a proration between the two insurance companies in proportion to the amount of insurance provided by their respective policies," we do not think that proration is required in the case at bar. The opinion in the prior case clearly points out that neither of the insurers there involved had fulfilled their contractual obligations. In contrast, Nationwide has completely fulfilled its obligation by paying the full amount of coverage to the estate of the deceased host driver. At the time of this payment plaintiffs had filed no claim with Nationwide nor had they instituted their original actions against the drivers of the vehicles involved in the accident. Under these circumstances it would only frustrate the purpose of

insurance and cause future vexatious delay by holding that Nationwide is obligated to indemnify plaintiffs in proportion to the amount of coverage it provided in relation to the damage sustained.

All assignments of error are overruled and the judgment of the trial court is affirmed. Costs are assessed against State Farm.

DYER, CHIEF JUSTICE, and HUMPHREYS and McCANLESS, JUSTICES, concur.

JENKINS, SPECIAL JUSTICE, not participating.