## GRANITE STATE INSURANCE CO. *v.* GROVER L. MARTIN ET AL

5-5896

480 S.W. 2d 326

### Opinion delivered May 22, 1972

*Whetstone & Whetstone,* for appellant.

*Guy Jones, Jr., Guy H. Jones* and *Phil Stratton,* for appellees.

GEORGE ROSE SMITH, Justice. This is the third time that some aspect of this litigation has reached this court. The present appeal is from a $10,000 judgment obtained in the court below by the appellee Grover L. Martin un-

der the uninsured motorist provisions of an insurance policy issued to Martin by the appellant, Granite State Insurance Company. Granite State argues several points for reversal, the principal one stemming from Granite State's contention that the pendency of another suit in Pulaski county is a bar to the maintenance of this suit in Conway county.

All the litigation derives from a traffic collision in Pulaski county, involving Martin and John L. Romes. Romes sued Martin in Pulaski county. Martin filed a counterclaim. That case was tried and resulted in a partial verdict and judgment, which were set aside on appeal. *Martin* v. *Romes,* 249 Ark. 927, 462 S.W. 2d 460 (1971). The case has not been retried and is still pending in Pulaski county.

Several months after the entry of the partial judgment in Pulaski county, Martin brought this action against his own insurance company, Granite State, in Conway county, where Martin lives. Martin alleged that he was injured in the collision, that Romes was an uninsured motorist, and that Martin was entitled to recover $10,000 under the uninsured motorist clause in the policy.

Granite State filed a motion to dismiss the Conway county case, on the ground that another action involving the same subject matter was pending in Pulaski county. Martin resisted the motion to dismiss, pointing out that Granite State was not a party to the Pulaski county suit and also that that suit was a tort action while the one in Conway county was an action in contract. The trial court denied the motion to dismiss. Thereafter we refused to issue a writ of prohibition against the maintenance of the suit in Conway county. *Granite State Ins. Co.* v. *Roberts,* 250 Ark. 442, 465 S.W. 2d 332 (1971). The Conway county case was then brought to trial and resulted in the $10,000 judgment now before us.

At the trial in the court below Granite State renewed its contention that the pendency of the suit in Pulaski county is a bar to the maintenance of this suit in Conway

county. In that connection Granite State relies upon a provision in its policy to the effect that no judgment in favor of its insured (Martin) against an uninsured motorist (Romes) is conclusive as to Granite State unless the action by Martin is prosecuted with Granite State's written consent. Granite State sought to prove that Martin's counterclaim against Romes in Pulaski county had been filed with Granite State's written consent, but the trial judge refused to allow that proof, holding that the question was not an issue in the case.

That ruling was error. In the prohibition case Granite State argued that it had consented in writing to Martin's counterclaim against Romes; but its proof was deficient. For that reason we denied the application for a writ of prohibition. We quote from that opinion:

> There is no evidence in the record before us that Granite State was ever a party to the litigation pending in Pulaski County, and there is no evidence, *as the record now stands,* that Granite State did or did not consent to the action instituted . . . in the Pulaski County Circuit Court. We conclude, *therefore,* that the petitioner, Granite State Insurance Company, has failed in the discharge of its burden of showing grounds for the invocation of the extraordinary powers of this court to prevent by prohibition the exercise of jurisdiction inherent in the trial court, and of showing that the respondent judge erred in denying Granite State's motion to dismiss Martin's complaint in the Conway County Circuit Court. (Italics supplied.)

Thus we held that the Pulaski county case would be a bar to the Conway county case if Granite State either was a party to the Pulaski county suit, which it was not, or had consented in writing to the filing of Martin's counter-claim, which Granite State failed to prove. That decision is now the law of the case. We must adhere to it upon this appeal and would do so even if we thought it to be erroneous. *United States Annuity & Life Ins. Co.* v. *Peak,* 129 Ark. 43, 195 S.W. 392, 1 A.L.R. 1259 (1917). It follows that Granite State was entitled to attempt to

prove that it had consented in writing to Martin's counterclaim in Pulaski county, so that the judgment in that case would be binding upon all concerned. The trial court erred in refusing to allow that issue to be litigated.

Granite State argues several other matters that may arise upon a retrial of the case. In the court below Granite State filed a third-party complaint against Romes, asserting that if Martin recovered judgment against Granite State, then Granite State would be entitled to judgment over against Romes in the same amount. Romes filed a motion to dismiss Granite State's third party complaint against him. If is now argued that the trial court erred in dismissing Romes from the case.

We think the court was right. Rome had already fixed the venue as between himself and Martin by filing his own suit in Pulaski county. Hence Romes was entitled to insist that his part in the controversy be litigated in his tort action in Pulaski county rather than in a contract case in Conway county involving an insurance policy to which Romes was not a party. Granite State, needless to say, may assert its claim to subrogation by appropriate action in Pulaski county, where Romes resides.

The court erred in allowing Martin to prove by a State policeman that Martin had said at the scene of the accident that his neck and back were hurting. The statement does not appear to have been an involuntary exclamation indicating pain. Rather, it was a narration of what Martin thought his condition to be. As such it was a self-serving declaration and inadmissible. *Prescott & N. W.R.R.* v. *Thomas,* 114 Ark. 56, 167 S.W. 486 (1914). It was also error to allow Martin to explain what had happened to a traffic ticket that he received, but that matter was voluntarily injected into the case by Martin himself and should not arise upon a retrial. We express no opinion with respect to the reasonableness of the attorney's fee allowed to Martin, for the pertinent facts with respect to the fee are certain to be somewhat different if Martin succeeds in obtaining judgment upon a retrial.

Reversed.