**NEWARK INSURANCE COMPANY, a New Jersey Corporation, Appellant,**

v.

**Clois D. EZELL, Appellee.**

Court of Appeals of Kentucky.

March 7, 1975.

---

Bartlett, McCarroll & Nunley, Owensboro, for appellant.

Ronald J. Bamberger, Cooper, Flaherty & Bamberger, Owensboro, for appellee.

CULLEN, Commissioner.

Clois D. Ezell recovered judgment in a sum in excess of $10,000 against the estate of Dewey House, deceased, an allegedly uninsured motorist, as damages for personal injuries sustained in an automobile collision. In the action now before us, Ezell was given judgment for $10,000 (the policy limit) against Newark Insurance Company under the uninsured-motorist coverage of a policy of liability insurance Newark had issued on the Ezell car. The circuit court, in entering the judgment, held that the prior judgment against the estate of Dewey House was conclusive of the issues of liability of the latter for damages and of the amount of damages, rejecting Newark's contention that it was entitled to relitigate those issues. Newark, appealing from the judgment against it, continues to assert its right to relitigate those issues, maintaining that because Ezell did not obtain its written consent to bring the prior action against the estate of Dewey House, the judgment obtained in that action is not conclusive as to liability and damages, by reason of the following provision of the policy:

"No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive as between the insured and the company of the issues of liability of such person or organization or the amount of damages to which insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company."

Admittedly, Ezell did not ask for or obtain the written consent of Newark to bring the action against the estate of Dewey House. However, the circuit court in the instant action held that the consent requirement "was substantially complied with by the notice given the attorney for the company and the apparent acquiescence of the company by its failure to object thereto and its failure to participate in the action" by Ezell against the estate of Dewey House.

There is some discussion in the briefs with regard to the validity of the

kind of "consent" clause here involved. In a number of cases from other jurisdictions, "consent" clauses *denying any coverage* if the insured brings an action against the uninsured motorist without the written consent of the company have been held void as against public policy, or as being in violation of statutes (similar to KRS 304.-699) prohibiting any provision in an insurance contract that deprives the courts of the state in which the policy is delivered of jurisdiction of an action against the insurer. See Annotation 25 A.L.R.3d 1283. But clauses of the kind here involved, which merely deny conclusiveness of the judgment against the uninsured motorist as to the issues of liability and damages, where written consent to the suit was not obtained, have been upheld. See MFA Mutual Ins. Co. v. Bradshaw, 245 Ark. 95, 431 S.W.2d 252; Johnson v. United Services Automobile Association, Okl., 462 P.2d 664. It is our opinion that the clause is a valid one.

■ It does not follow, however, that the company is entitled to invoke the clause in the instant case. We think the circumstances militate against its strict enforcement here.

The collision giving rise to the damage claim occurred in March 1970. In October 1970 Ezell brought suit against Newark, alleging the circumstances of the collision, that House was an uninsured motorist, that House was negligent, that Ezell had sustained damages from personal injuries in the amount of $10,000, and that Newark's policy provided uninsured-motorist coverage. Judgment for $10,000 was sought. Newark moved to dismiss the action on the ground that the complaint failed to state a claim on which relief could be granted. Thereafter the action remained dormant until July 1971, when Ezell moved for summary judgment, alleging that in the meantime, in February 1971, he had brought an action for damages against the

administrator of the estate of Dewey House, and in May 1971 had recovered a default judgment in that action for $15,000. Ezell accompanied the motion with appropriate affidavits, and with a copy of a letter which his attorney had sent to Newark's attorney on March 1, 1971, notifying Newark of the suit filed against the House estate, asserting Ezell's position that Newark would be liable for the amount of any recovery against the House estate, and stating that "this notice is given you so that you may protect whatever interest Newark Insurance Company has in a judgment herein against House's estate." Despite the fact that the suit against the House estate was brought in the same circuit court in which Ezell's action against Newark then was pending, Newark chose to ignore the suit and the letter.

This court is not disposed to say that the notice-letter was a compliance with the requirement of obtaining written consent to the bringing of the action against the House estate, or that consent may be inferred from the failure of Newark to respond to the notice. However, the court is of the opinion that to apply the "consent" clause in the circumstances of this case would give it a meaning and force not reasonably commensurate with its purpose and intent.

We do not treat as fact the assertions by the appellee, unsupported by the record, that when the action against Newark first was brought, Newark's counsel took the position that recovery could not be had against Newark without judgment's first being obtained by Ezell against the House estate,[1] and that the action then was brought by Ezell against the House estate because Newark's counsel insisted that it be done. But we attach some significance to the fact that Newark was asserting, through its motion to dismiss, that Ezell's complaint did not state a claim on which relief could be granted, the basis for which

1. This was prior to the decision in Puckett v. Liberty Mutual Insurance Company, Ky., 477 S.W.2d 811, that obtaining judgment against the uninsured motorist is not a statutory prerequisite to suing the insurance company.

assertion seemingly would have to be that Ezell had not complied with some condition precedent such as first obtaining judgment against the House estate. Also we note that the trial judge, in his memorandum opinion, recited that "By its pleadings, Newark Insurance Company set up the fact that no liquidated amount of liability had been established * * *." These facts tend to indicate that Newark was maintaining that obtaining judgment against the House estate was a condition precedent to recovery against Newark. This comes close to putting Newark in the position, later, of relying on lack of its consent to an action that it had insisted be brought.

We believe that a "consent" clause of the kind here involved has legitimate protective purposes for the insurer, such as to give some protection against exposure to counterclaims, to guard against collusion between the insured and the alleged uninsured motorist, and to prevent impairment of subrogation rights. See MFA Mutual Insurance Co. v. Bradshaw, 245 Ark. 95, 431 S.W.2d 252. But there is no claim by Newark here that any of the protective purposes was impaired, or that it suffered prejudice in any way, from the fact that the suit against the House estate was prosecuted without Newark's written consent. To enforce the "consent" clause in these circumstances would be to let form prevail over substance. Newark does not advance any ground upon which it might reasonably have refused written consent had Ezell requested it.

In the field of insurance law recognition frequently has been given to the principle that an insurance company may not rely upon a noncompliance by the insured with a condition of the policy if the company has sustained no prejudice by reason of the noncompliance. See 44 Am. Jr., Insurance, sec. 1561, p. 446. We think that principle applies here.

The judgment is affirmed.

All concur.