SUSAN MOORCROFT, Plaintiff-Appellee, *v.* FIRST INSURANCE COMPANY OF HAWAII, LTD., Defendant-Appellant

NO 10376

(CIVIL NO. 6781(1))

JUNE 18, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Plaintiff-appellee Susan Moorcroft sustained injury when the car she was driving was rear-ended by an uninsured motorist. She made a demand on defendant-appellant First Insurance Company ("First") for $25,000. the policy limit on her uninsured motorist coverage. First neither accepted nor denied her claim. Moorcroft proceeded with her suit against the uninsured motorist, keeping First apprised of the proceedings. After Moorcroft obtained a judgment by default in the amount of $268,640.00, she demanded that First pay the entire award.

First refused to pay, invoking the consent to sue clause[1] and demanding arbitration.[2]

Moorcroft sued First for payment of the entire default judgment. The trial court granted partial summary judgment in favor of Moorcroft for the full amount of the default judgment and also held that "under the circumstances of this case, the 'consent to sue' clause in the insurance policy is invalid and that First waived its right to arbitrate." First appeals the order granting partial summary judgment. We affirm in part and vacate in part.

## I.

Is the consent to sue clause invalid under the circumstances of this case? We hold that it is not. In the cases that have invalidated the consent to sue clause, the material facts are distinguishable from the facts of this case. In *Nationwide Mutual Insurance Co. v. Webb*, 291 Md. 721, 436 A.2d 465 (1981), the court held that such clauses would result in a multiplicity of lawsuits since binding arbitration was prohibited by statute and the issue of liability and damages would necessarily be relitigated. *See also Heisner v. Jones*, 184 Neb. 602, 169 N.W.2d 606 (1969). Other states have invalidated such clauses as violative of their statutes which mandate that uninsured motorist coverage be fully available and unqualified. *See Nationwide v. Webb, supra; Clayton v.*

---

[1]The relevant part of the consent to sue clause provides:

No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company.

[2]The arbitration clause reads:

If any person making claims hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to their Part.

*Alliance Mutual Casualty Co.,* 212 Kan. 640, 512 P.2d 507, *reh'g denied,* 213 Kan. 84, 515 P.2d 1115 (1973). Still others have invalidated clauses that require *forfeiture* if the insured fails to obtain the insurer's consent, reasoning that such a policy would in effect leave the insured without any remedy should the insurer refuse to consent. *State ex. rel. State Farm Mutual Auto Insurance Co. v. Craig,* 364 S.W.2d 343 (Mo. App. 1963); *Dominici v. State Farm Mutual Auto Insurance Co.,* 143 Mont. 406, 390 P.2d 806 (1964); *Boughton v. Farmers Insurance Exchange,* 354 P.2d 1085 (Okla. 1960).

We hold the consent to sue clause in this case to be valid and enforceable since the clause does not require forfeiture and an alternative to relitigation is provided through binding arbitration. *See MFA Mutual Insurance Co. v. Bradshaw,* 245 Ark. 95, 431 S.W.2d 252 (1968); *Newark Insurance Co. v. Ezell,* 520 S.W.2d 318 (Ky. 1975). Further, the uninsured motorist statute in Hawaii does not mandate that coverage be unqualified. Hawaii Revised Statutes (HRS) § 431-448.[3]

It is undisputed that First knowingly allowed Moorcroft to proceed to judgment without answering her claim or intervening in the suit. First failed to notify Moorcroft that it would invoke the clause prior to her suing the uninsured motorist. *See Newark v. Ezell, supra; Hale v. State Farm,* 225 Tenn. 620, 474 S.W.2d 905 (1971). We hold that such inaction constitutes a waiver of First's right to invoke the consent to sue clause.

II.

Did First waive its right to arbitration? We hold that it did. The

---

[3]HRS § 431-448 Automobile liability; coverage for damage by uninsured motor vehicle. No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle. shall be delivered. issued for delivery, or renewed in this State, with respect to any motor vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 287-7, under provisions filed with and approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom, provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage in writing.

failure to make a timely assertion of the right to arbitrate constitutes a waiver of that right. *See Andeen v. County Mutual Insurance Co.,* 70 Ill. App. 2d 357, 217 N.E.2d 814 (1966), *cert. denied,* 385 U.S. 1036 (1967); 3 Long, *Law of Liability Insurance* § 24.51, at 24-179 to 24-181 (1984). In *Andeen,* the court held that since arbitration was optional on demand and not compulsory, the insurer had waived its right to arbitration by failing to make a demand within a reasonable time, or until after judgment had been obtained against the uninsured motorist.

First did not demand arbitration as to the amount of liability until after Moorcroft obtained default judgment even though First had notice of the claim and knew of the subsequent proceedings. In view of the undisputed facts, we hold that First's demand for arbitration was not timely.

### III.

Is First liable for more than the uninsured motorist policy limit? We hold that it is not. The insurer named in an uninsured motorist coverage policy is not liable for any claim or judgment above the stated policy limits unless those limits are in contravention of statutory inhibitions or public policy. Hse. Stand. Comm. Rep. No. 194, in 1965 House Journal, at 582; *cf. Calibuso's Estate v. Pacific Insurance Co.,* 62 Haw. 424, 616 P.2d 1357 (1980); 1 R. Long, *Law of Liability Insurance* § 2.08, at 2-17 to 2-19 (1984). Here, the $25,000 policy limit is above the statutorily required minimum for uninsured motorist coverage and was contracted for by both parties. We hold that the policy limit in question is not in contravention of any statutory inhibitions, nor is the limit which is above the statutorily required minimum against any public policy considerations. First, therefore, should not be held liable for the default judgment over and above the contracted policy limit of $25,000.

### IV.

We reverse the trial court's holding the consent to sue clause invalid, but hold that under the material facts of this case First waived its right to invoke the clause.

We affirm the trial court's decision that First waived its right to arbitration.

We vacate the judgment in favor of Moorcroft and against First and

remand this case for the entry of judgment against First in the amount of the policy limit ($25,000) in favor of Moorcroft.

*Walter Davis* (*Thomas J. Kaster* and *Alan K. Nii* with him on the briefs; *Davis, Reid & Richards*) for defendant-appellant.

*James Krueger* (*Steven M. Frei* with him on the brief) for plaintiff-appellee.