42 F.3d 1402
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois
Corporation, Plaintiff-Appellee,
v.
Esteban ASUNCION, and Rosario Asuncion, Defendants-Appellants.
 No. 93-17118.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1994.
Decided Nov. 17, 1994.
 
 Before: BROWNING, TROTT, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 * The consent-to-settle clause is valid. The Hawaii Supreme Court has upheld an analogous consent-to-sue clause. See Moorcroft v. First Insurance Co. of Hawaii, Ltd., 720 P.2d 178, 180 (Haw.1986) (recognizing the validity of a "consent-to-sue" clause limiting an insured's right to recover under its uninsured motorist coverage). Further, the fact that Hawaii makes underinsured motorist coverage optional weighs in favor of the clause's validity. See State Farm Mutual Auto Insurance Co. v. Kolb, 884 F.2d 486, 489 (9th Cir.1989).
 
 II
 
 3
 The Asuncions' settlement with and release of Swift, the United States, National Car Rental, and Travelers Insurance Company ("the defendants") constituted a material breach of the policy. The recitation in the release did not preserve State Farm's subrogation rights; by releasing the defendants as to all claims, the Asuncions necessarily destroyed any and all rights State Farm might have had against the defendants as their subrogee. See 73 Am.Jur.2d Subrogation Sec. 1 (1974) ("Subrogation may be broadly defined as the substitution of one person in the place of another with reference to a lawful claim or right.").
 
 
 4
 The Asuncions presented no evidence that State Farm waived its right to invoke the consent-to-settle clause. To the contrary, the August 27, 1990, letter from Robin Soares to the Asuncions' counsel clearly asserts that right. Cf. Moorcroft, 720 P.2d at 180 (finding waiver where the insurer "failed to notify [the insured] that it would invoke the clause prior to her suing the uninsured motorist.").
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3