# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## TRAVELERS INDEMNITY COMPANY v. KENTON FREEMAN, ET AL.

**Chancery Court for Davidson County**
**No. 00-497-III**

---

**No. M2001-00657-COA-R3-CV - Filed April 26, 2001**

---

### OPINION ON PETITION TO REHEAR

Houston M. Goddard, P.J., delivered the opinion of the court in which Herschel P. Franks and D. Michael Swiney, JJ., joined.

We have for consideration the splenetic petition of the appellees for a re-hearing of this case.

It is alleged that our disposition of the case "pits mother against son in a battle that benefits only the insurance company." This conclusory statement is irrelevant.

It is further alleged that under our holding "Alice Freeman's damages could never exhaust her UM coverage." We are uncertain of the relevancy of this conclusory statement. We presume that "Alice Freeman's damages" refers to the Administrator's claim for damages for her wrongful death, and, of course, the Administrator's claim could exhaust the UM coverage absent the claim of her guest passenger.

It is further alleged that our opinion misapprehends a "material proposition of law" and conflicts with existing case law and the "sound public policy of this state," apparently because we held that the proceeds of the Progressive policy should be allocated between the Administrator"s claim and Will Freeman's claim.

The appellees insist that our holding directly conflicts with *Hale v. State Farm Mut. Ins. Co.*, 474 S.W.2d 905 (Tenn. 1971). We quote from the appellee's petition:

> In *Hale v. State Farm Mut. Ins. Co.*, 225 Tenn. 620, 474 S.W.2d 905 (1971), the Tennessee Supreme Court held that an insurer properly exhausted the full amount of its uninsured motorist coverage in response to the claim by the estate of the named insured, despite the potential [claims] of the plaintiffs under that same policy. *Id*. at 635, 474 S.W.2d at 911.
> Plaintiffs in *Hale*, a father and his injured minor son, sought coverage under two policies of uninsured motorist insurance for injuries that son sustained in an

accident that occurred while he was a guest passenger in the vehicle of Herman Wilkerson. An uninsured motorist struck the Wilkerson vehicle, killing Mr. Wilkerson and seriously injuring the minor Hale, *Id*. at 624, 474 S.W.2d at 906.

Both the Hales and Wilkerson had uninsured motorist coverage. Mr. Hale had purchased coverage for himself and his son from State Farm Mutual Insurance Company, while Mr. Wilkerson had purchased coverage from Nationwide Insurance Company. The State Farm policy specified that its coverage was "excess" over the limits of any other similar insurance available to an insured whose injury occurred while he occupied a vehicle not owned by the named insured (i.e., Mr. Hale). *Id*. at 633, 474 S.W.2d at 910-911. The Nationwide policy (Mr. Wilkerson's policy) potentially covered the minor Hale, but Nationwide paid the entire policy limits in response to the claim of the Wilkerson estate. *Id,* at 626-27, 474 S.W.2d at 907.

The Hales brought suit against both insurers. State Farm attempted to avoid coverage on the basis that other insurance coverage was available to the Hales, but the Supreme Court rejected its argument and awarded them coverage under the State Farm policy. The Court also held that the Hales could not recover under the primary Nationwide policy, because Nationwide "completely fulfilled its obligation by paying the full amount of coverage to the estate of the deceased host driver." *Id*. at 636, 474 S.W.2d at 911.

The remainder of the holding in *Hale* is ignored by appellees. It is, "[a]t the time of this payment, plaintiffs *had filed no claim with Nationwide nor had they instituted their assigned actions against the drivers of the vehicles involved in the accident*." (Emphasis supplied).

We are not aware of any statutory or decisional law that requires or justifies judicial micro managing of insured tort claims until and unless competing claims are presented that are payable, if at all, from assets of the tortfeasor or which provide monetary protection on his behalf for the benefit of claimants, such as UM coverage. Inherent in the holding in *Hale* is a point of significance: *no claims or actions had been filed* against Nationwide by any person other than the Administrator of Wilkerson's estate. Hence, Nationwide justifiably paid its entire coverage to Wilkerson's Administrator.

In the case at Bar, Progressive was *fully aware* of the competing *claims* of the Administrator and his son.

It is likely that a conclusion was reached that Will Freeman, a minor, would not be disadvantaged under Alabama law [although the record is silent on the point] if the entire Progressive policy proceeds were paid to the Administrator of his mother's estate since Will - presumably - was the sole beneficiary of those proceeds.

This strategy - if the word is applicable - did not take into account the recognizable rights of Travelers.

We find baffling the argument of appellees that under our holding " . . . an injured minor child with excess coverage must compete dollar for dollar against his injured [sic: deceased] mother for coverage under her policy - the only coverage she has available to her . . . . The ultimate effect of such a rule is to diminish the family's total recovery while fortifying the coffers of the insurers."

The injured child and his deceased mother were claimants against Nationwide (insurer of Watson) which paid the limits of its coverage equally to them pursuant to an approved settlement. They are claimants against the Progressive policy in the same manner - Will's claim is as cognizable as the Administrator's, since both were presented simultaneously.

It is worth repeating that this action began as one for a declaratory judgment. It thereafter took on additional aspects, none of which involved a determination of the value of the claims.

Our holding with respect to the unique Alabama wrongful death statute is not challenged by the appellant, but we take this opportunity to announce that we have considered, at length, the impact of *Harris v. Chern*, 33 S.W.3d 741 (Tenn. 2000) and conclude that the relevant holding of *Bradley v. McLeod*, 984 S.W.2d 929 (Tenn. Ct. App. 1998) is not rejected.

The petition to re-hear is denied, at costs of the appellees, Kenton Freeman, individually and as next friend for his minor son, Will Freeman.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE