**HEINZ GERNER**, Plaintiff–Appellant, Cross–Appellee, v. **TRUSTEES UNDER THE WILL AND OF THE ESTATE OF JAMES CAMPBELL, DECEASED**, and **STEPHEN H. MacMILLAN**, Defendants–Appellees, Cross–Appellants

NO. 14349

(CIV. NO. 87–0480(3))

DECEMBER 21, 1990

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY PADGETT, J.

This case involves an appeal and a cross–appeal. Appellant/ Cross–Appellee Heinz Gerner (Gerner) was the president and sole stockholder of a subsequently dissolved Hawaii corporation H.S. Bounty, Inc., which had a ten–year license to operate a seafood restaurant known as H.S. Bounty in the Whaler's Village on the island of Maui. The licensor was Amfac, Inc. During the term of the license, appellee/cross–appellant Trustees of the Estate of James Campbell, Deceased (Trustees) purchased the Whaler's Village

from Amfac, Inc. and thus became the licensor of the restaurant premises.

When the license had approximately three years to run, the licensee corporation made an oral agreement with one William Fyke (Fyke) whereby he would purchase the license for the sum of $450,000 provided he could get a five–year extension of the license. The consent of the Trustees was necessary to effectuate this agreement, and it was denied on the basis that the licensor felt that Fyke did not have enough restaurant experience. Subsequently, the licensee sold the restaurant and the license to Fyke for $100,000 with an agreement that if the license were extended, Fyke would pay an additional $50,000. The license was extended and the $50,000 payment made. Subsequently Fyke sold the premises and the extended license for $875,000 and shortly thereafter, Gerner filed this action, the corporation, in the meanwhile, having been dissolved under the laws of the State of Hawaii.

The complaint, filed October 14, 1987, contained nine counts: Count I—promissory estoppel; Count II—breach of a written contract; Count III—interference with existing contractual relations; Count IV—interference with prospective economic advantage; Count V—breach of a covenant of good faith and fair dealing; Count VI—fraud, misrepresentation or deceit, a second Count VI —intentional or negligent infliction of emotional distress; Count VII—unfair business practices; and Count VIII—punitive damages. The record below consists of nine volumes and reflects both extensive discovery and extensive preliminary proceedings by way of motions. Eventually the court granted summary judgment to the Trustees on certain counts and ordered the rest to trial. After trial, the court granted a directed verdict for the appellees on the remaining counts and entered judgment for them. The appellees requested costs and attorneys' fees and the court made an award thereon.

From the judgment, Gerner took this appeal, claiming error in the granting of the summary judgments, and the directed verdicts, error in the exclusion of evidence, by way of orders in limine, and at trial, and error in the granting of attorneys' fees to the appellees. The appellees cross–appealed, alleging error in the amount of the attorneys' fees awarded to them.

Upon a review of the record, we find no error in the evidentiary rulings complained of, no error in the orders granting summary judgment, no error in the orders granting directed verdict, and no error in the granting of attorneys' fees to the appellees.

The only error we find in the record concerns the cross–appeal. The trial court, in its judgment recited that pursuant to Hawaii Revised Statutes (HRS) § 607–14, it was granting the appellees attorneys' fees in the amount of $48,300. HRS § 607–14 provides:

**Attorneys' fees in actions in the nature of assumpsit.** In all the courts, in all actions in the nature of assumpsit there shall be taxed as attorneys' fees, in addition to the attorneys' fees otherwise taxable by law, to be paid by the losing party and to be included in the sum for which execution may issue, a fee which the court determines to be reasonable but which shall not exceed the amount obtainable under the following schedule:

25 per cent on first $1,000 or fraction thereof.

20 per cent on second $1,000 or fraction thereof.

15 per cent on third $1,000 or fraction thereof.

10 per cent on fourth $1,000 or fraction thereof.

5 per cent on fifth $1,000 or fraction thereof.

2.5 per cent on any amount in excess of $5,000.

The above fees shall be assessed on the amount of the judgment exclusive of costs and all attorney's fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment. The fees provided for by this section shall not be taxed in any action where the plaintiff obtains a judgment which includes attorneys' fees upon a promissory note or other evidence of indebtedness, when the promissory note or other evidence of indebtedness contains a provision for the recovery of costs of collection or attorneys' fees.

The license agreement between H.S. Bounty, Inc. and Amfac, Inc. provided:

In case the Licensor shall, without fault on its part, be made a party to any litigation commenced by or against the Licensee arising out of the Licensee's occupancy of the licensed premises or any act of the Licensee concerning the licensed premises or this License Agreement . . . the Licensee shall pay to the Licensor all expenses incurred in connection therewith, including a reasonable attorney's fee and court costs.

HRS § 607–17 provides in part:

[W]here an action is instituted in the district or circuit court on a promissory note or other contract in writing which provides for an attorney's fee the following rates shall prevail and shall be awarded to the successful party, whether plaintiff or defendant:

(1) Where the note or other contract in writing provides for a fee of twenty–five per cent or more, or provides for a reasonable attorney's fee, not more than twenty–five per cent shall be allowed;

. . . .

**8**

provided that the fee allowed . . . shall not exceed that which is deemed reasonable by the court.

With respect to the Trustees, as appellees, clearly HRS § 607–17 is the applicable statute, not § 607–14.

As to appellee Stephen H. MacMillan (MacMillan), he was the Trustees' employee acting on their behalf. Since each count of the complaint re–alleges once more all of the paragraphs preceding it in the complaint, it is impossible to distinguish MacMillan's position from the Trustees' position. Moreover, since each count arises out of the existence of the license agreement, no apportionment of fees between the counts based on breach of the license agreement, and the other counts can reasonably be made. In these circumstances, therefore, HRS § 607–17 was the applicable statute as to MacMillan also.

While both HRS §§ 607–14 and –17 provide for the award of reasonable attorneys' fees, they have differing maxima, HRS § 607–17 being the higher.

Where the case sounds in "assumpsit" but there is a specific contractual provision for attorney's fees, that provision, under HRS § 607–17, should be followed in awarding attorney's fees.

The judgment below is therefore affirmed, except as to the amount of attorneys' fees and the matter is remanded to the circuit court to determine reasonable attorneys' fees to be awarded to the appellees in accordance with the provisions of the license agreement and of HRS § 607–17. Affirmed in part and remanded in part.

*R. Patrick Jaress* (*Shackley F. Raffetto* on the briefs; Jaress & Raffetto, of counsel) for Gerner.

*Rosemary Fazio* (*Adrian W. Rosehill* with her on the briefs; Ashford & Wriston, of counsel) for Trustees and MacMillan.