Larry BAIRD, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,
Defendant.

No. CIV. 97–00721 ACK.

United States District Court,
D. Hawaii.

May 29, 1998.

Steven T. Brittain, Robinson & Chur, Honolulu, HI, for Plaintiff.

Stacey M. Robinson, McCorriston, Miho, Miller & Mukai, Honolulu, HI, for Defendants.

### ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION

KAY, Chief Judge.

### STATEMENT OF FACTS

On December 28, 1988, defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "defendant") issued an automobile insurance policy to plaintiff Larry Baird ("plaintiff") which provided for, amongst other things, Underinsured Motorist benefits ("UIM") with a $35,000.00 limit. On April 28, 1989, plaintiff was involved in an auto accident with Wade Gaal in which plaintiff sustained numerous injuries. On February 23, 1993, plaintiff recovered $35,000.00, the bodily injury policy limit, from Mr. Gaal's

insurance company, Allstate. Thereafter, plaintiff filed a demand to State Farm for UIM benefits. State Farm counter-offered.

Apparently the parties were unable to reach an agreement as to the value of plaintiff's accident related injuries. Pursuant to the provisions of the policy, the parties submitted their claim to arbitration. On April 24, 1994, the appointed arbitrator, Robert Kessner, Esq., issued his total damages award in plaintiff's favor for $130,000.00.[1] On May 26, 1994,[2] State Farm paid $35,-000.00, the UIM policy limit, to plaintiff and proceeded to close plaintiff's case file.

On May 1, 1997, plaintiff filed the complaint at issue against State Farm. Plaintiff alleges, in part, that:

21. Defendant State Farm's wrongful failure to provide UIM benefits voluntarily and/or its failure to engage in meaningful settlement negotiations constitutes an unreasonable delay of payment of benefits and an express and/or implied breach of insurance contract.

22. As a direct and proximate result of said breach of contract,... Plaintiff was subjected to unnecessary arbitration and suffered sever mental anguish, emotional distress and worry in an amount to be shown at trial.

23. As a further and direct and proximate result of said breach of contract, ... plaintiff did not receive the UIM benefits contracted for from State Farm and was compelled to incur legal expenses in order to extract same ....

24. The aforesaid acts and omissions of said Defendants were done in a willful, wanton, and/or grossly reckless and negligent manner ... and said Defendants are therefore liable for punitive damages to be shown at trial.

On February 27, 1998, defendant filed its summary judgment motion contending that all of plaintiff's claims essentially arise under UIM benefits from an insurance contract and are thus barred by the two year statute of limitations imposed by Hawaii Revised Statute ("H.R.S.") § 294–36. On April 23, 1998, plaintiff opposed defendant's summary judgment motion. Plaintiff argues that the complaint does not set forth a cause of action regarding the UIM benefits, but rather states claims for relief for unreasonable delay of insurance benefits, breach of contract,[3] emotional distress and punitive damages. Defendant filed its reply brief on April 30, 1998. This matter came on for hearing on May 11, 1998.

### STANDARD OF REVIEW

Summary judgment shall be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). One of the principal purposes of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The United States Supreme Court has declared that summary judgment must be granted against a party who fails to demonstrate facts to establish an element essential to his case where that party will bear the burden of proof of that essential element at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. "If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials

1. The arbitration award represented "total damages" without regard to applicable set-off, i.e., the $35,000.00 policy limit recovery obtained by plaintiff from Allstate.

2. There is some debate as to the date, however the Court has adopted May 26, 1994 as the date of payment as it is the most generous to plaintiff.

3. The Court finds that plaintiff's only other possible avenue of recourse for breach of contract would fall under no-fault coverage to the extent that it is applicable. As indicated by the Declarations page for plaintiff's policy, plaintiffs coverages include: (A) insured's general liability (when there is damage to others; not applicable); (PI) no-fault for medical expenses (when the insured sustains bodily injury as a result of a motor vehicle accident; possibly applicable); (U) uninsured motor vehicle (when the other car or drive is uninsured; not applicable; (D 250) comprehensive deductible of $250.00 (damage caused by other than collision or upset; not applicable); (G 250) collision with a deductible of $250 (damage caused by collision or upset; applicable but not at issue); (H) emergency road service (not applicable); and (W) underinsured (when the other car or driver is underinsured; applicable but governed by H.R.S. § 431:10C–315).

on file that it believes demonstrate the absence of any genuine issue of material fact [citations omitted], the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment." *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987).

Rather, Rule 56(e) requires that the nonmoving party set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial. *T.W. Elec. Serv.,* 809 F.2d at 630. At least some "significant probative evidence tending to support the complaint" must be produced. *Id.* Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir.1978).

The standard for a grant of summary judgment reflects the standard governing the grant of a directed verdict. *See Eisenberg v. Ins. Co. of North America,* 815 F.2d 1285, 1289 (9th Cir.1987) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Thus, the question is whether "reasonable minds could differ as to the import of the evidence." *Anderson,* 477 U.S. at 250–51, 106 S.Ct. 2505.

The Ninth Circuit has established that "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir.1987). Moreover, the United States Supreme Court has stated that "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Indeed, "if the factual context makes the nonmoving party's claim *implausible,* that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Franciscan Ceramics,* 818 F.2d at 1468 (emphasis in original) (citing *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348). Of course, all evidence and inferences to be drawn therefrom must be construed in the light most favorable to the nonmoving party. *T.W. Elec. Serv.,* 809 F.2d at 630–31.

## DISCUSSION

### I. Hawaii Revised Statute § 431:10C–315 [4]

 In its summary judgment motion, State Farm contends that all of plaintiff's claims essentially seek to recover benefits under UIM coverage of the insured's policy and as such are barred by H.R.S. § 431:10C–315. In his opposition, plaintiff categorically states that the instant action "alleges a *breach of contract* claim and a claim for punitive damages due to a refusal to deal in good faith by Defendant, *not* a claim for UIM benefits under the UIM policy ...." Opposition, p. 4 (emphasis in original). Moreover, at the hearing on this matter, plaintiff's counsel expressly stated that the complaint does not attempt to state a claim for recovery of UIM benefits.

That being said, the Court GRANTS summary judgment with respect to any claim seeking to recover UIM benefits under the State Farm policy. Hawaii law clearly states that H.R.S. § 431:10C–315, which imposes a two year limitations period for suits on contracts for "optional benefits coverage" extends to suits for UIM benefits and begins to run when the insured has exhausted his last

---

**4.** State Farm refers to H.R.S. § 294–36 throughout its papers. However, on July 1, 1987, H.R.S. chapter 294 was repealed and replaced with chapter 431, the Hawaii Insurance Code. Thus, the proper citation is to H.R.S. § 431:10C–315, which provides, in relevant part, that "(a) No suit shall be brought on any contract providing no-fault benefits or any contract providing optional additional coverage more than, the later of:

(1) Two years from the date of the motor vehicle accident upon which the claim is based;

(2) Two years after the last payment of no-fault or optional additional benefits;

(3) Two years after the entry of a final order in arbitration; or (4) Two years after the entry of a final judgment in, or dismissal with prejudice of, a tort action arising out of a motor vehicle accident, where a cause of action for insurer bad faith arises out of the tort action." H.R.S. § 431:10C–315. (effective until January 1, 1998).

UIM payment. *Honbo v. Hawaiian Ins. & Guaranty Co., Ltd.*, 86 Hawai'i 373, 375–76, 949 P.2d 213 (1997), *cert. denied; Allstate Ins. Co. v. Wolcott;* 847 F.Supp. 787, 789–90 (D.Haw.1994) (applying H.R.S. § 294–36 (repealed)). In *Honbo,* the Hawaii Intermediate Court of Appeals ("ICA") expressly held that H.R.S. § 294–36(a), recodified as H.R.S. § 431:10C–315(a), "by its clear and unambiguous terms" applies to first-party insurer bad faith claims. 86 Hawai'i at 382, 949 P.2d 213. *See also Best Place, Inc. v. Penn America Ins. Co.,* 82 Haw. 120, 126, 920 P.2d 334 (1996)(stating that H.R.S. § 431:10C–315 "sets forth the applicable statute of limitations for a bad faith cause of action against insurer"). Thus, the applicable limitations period is two years. Plaintiff received his final UIM payment on May 26, 1994, therefore, the statute of limitations lapsed on May 26, 1996. As the instant complaint was not filed until May 1, 1997, any claim regarding UIM benefits, including the bad faith denial thereof, is barred by the limitations period set forth in H.R.S. § 431:10C–315.

Moreover, the Court notes that any claim to recover UIM benefits would be futile. Subsequent to the arbitration, State Farm paid plaintiff $35,000.00, the policy limit. The $35,000.00 limit is in excess of the statutory minimum for UIM coverage, thus State Farm may not be held liable for any claim or judgment in excess of the policy limit. *Moorcroft v. First Ins. Co. of Hawaii, Ltd.,* 68 Haw. 501, 504, 720 P.2d 178 (1986).

## II. Breach of the Implied Covenant of Good Faith and Fair Dealing

■ Paragraph 21 of plaintiff's complaint states that "State Farm's wrongful failure to provide UIM benefits voluntarily and/or its failure to engage in meaningful settlement negotiations constitutes an unreasonable delay of payment of benefits and an express and/or implied breach of insurance contract." The Court reads paragraph 21 as alleging a claim for breach of the implied covenant of good faith and fair dealing. Under the current state of Hawaii law, allegations of breach of the implied covenant of good faith and fair dealing may give rise to two distinct types of claims: (1) bad faith denial of benefits [5] which sounds in tort; and (2) tortious breach of contract which sounds in contract but provides for compensatory tort damages. The Court addresses each in turn.

### A. Bad Faith Denial of Insurance Benefits

■ In 1996, the Hawaii Supreme Court adopted a cause of action for bad faith denial of insurance benefits.[6] In *Best Place,* the Hawaii Supreme Court noted that "[e]very contract imposes upon each party a duty of good faith and fair dealing ...." 82 Haw. at 124, 920 P.2d 334. In that case, the Hawaii Supreme Court was "persuaded that there are sound reasons for recognizing a cause of action in tort for breach of the implied covenant of good faith and fair dealing in the insurance context." Thus, Hawaii now recognizes a cause of action for the tort of first-party bad faith, i.e., bad faith denial of insurance benefits.[7] *Id.* at 131–32, 920 P.2d 334. The Hawaii Supreme Court expressly noted that the tort of bad faith "is not a tortious breach of contract, but rather" a separate and distinct wrong which arises from the "breach of a duty imposed as a consequence

---

**5.** The Court has already found that any of plaintiff's claims relating to bad faith denial of UIM benefits are barred by the limitations period set forth in H.R.S. § 431:10C–315. The following discussion of bad faith denial and tortious breach of contract refers to the contract in its entirety, i.e., to the extent no-fault benefits are possibly applicable.

**6.** The Court notes that when the cause of action in the instant case accrued, Hawaii did not recognize a cause of action for bad faith denial of insurance benefits as *Best Place* was decided in June of 1996. However, "[t]he usual rule is that federal cases should be decided in accordance with the law existing at the time of decision"

*Saint Francis College v. Al–Khazraji,* 481 U.S. 604, 608, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987) (citations omitted). *cf. Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)(counseling against retroactive application of statute of limitations in certain circumstances, none of which apply to the case at bar).481 U.S. at 608. Thus, the Court proceeds to retroactively apply the limitations period for bad faith denial of benefits.

**7.** The Hawaii Supreme Court based its decision upon the test articulated and adopted by the California Supreme Court in *Gruenberg v. Aetna Insurance Company,* 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032, 1040 (1973).

of the relationship established by" the insurance policy. *Id.* at 131–32, 920 P.2d 334. In fact, an insurer who ultimately pays the claim at issue may be held liable for bad faith in the event of unreasonable delay. *Id.* at 132, 920 P.2d 334. The standard for a bad faith claim in the insurance context is as follows:

> the insured need not show a conscious awareness of wrongdoing or unjustifiable conduct, nor an evil motive or intent to harm the insured. An unreasonable delay in payment of benefits will warrant recovery for compensatory damages under the Gruenberg test. However, conduct based on an interpretation of the insurance contract that is reasonable does not constitute bad faith. In addition, an erroneous decision not to pay a claim for benefits due under a policy does not by itself justify an award of compensatory damages. Rather the decision not to pay a claim must be in "bad faith."

*Best Place, Inc. v. Penn America Ins. Co.,* 82 Hawai'i 120, 920 P.2d 334, 347 (1996). (citations omitted).

The issue squarely facing the Court is which of three limitations periods is applicable to a cause of action for bad faith (breach of the implied covenant of good faith and fair dealing). First, if Hawaii in accordance with *Best Place* was to adopt the California lines of cases, then any claim for bad faith on a first-party insurance claim would clearly be a claim "on the policy" and thus governed by the policy's limitations period. *See Prieto v. State Farm Fire and Cas. Co.,* 225 Cal. App.3d 1188, 275 Cal.Rptr. 362, 364–65 (1991). Second, if a claim for bad faith is construed as a tort cause of action, then it is subject to the two year limitations period of H.R.S. § 657–7 and is time barred. Finally, if the tort of bad faith sounds in contract, then it is subject to the six year limitations period of § 657–1 and the case may proceed. As the tort of bad faith in the insurance context is relatively new, the Hawaii Supreme Court has not yet had the opportunity to address this issue. The Court's own research has found only two cases addressing this issue—each with a different result.

In December of 1997, Judge Ezra of the Hawaii federal district court examined this precise issue, sitting in diversity jurisdiction,

and concluded that "[s]ince there is no element in the cause of action for bad faith that requires a plaintiff to suffer personal injury . . . the applicable statute of limitations is six years and is found in the catchall provision of § 657–1." *Guillermo v. Hartford Life & Accident Ins. Co.,* 986 F.Supp. 1334, 1340 (D.Haw.1997). However, in March of 1998, the Hawaii ICA reached a contrary result in *Christiansen v. First Ins. Co. of Hawaii, Ltd.,* slip op., 1998 WL 119434, *cert. granted.* In determining that the tort of bad faith was not subject to a policy imposed limitation period, the ICA stated that the "tort of bad faith is a tort independent of the policy because its origins are not in the contract but in the common law imposition of good faith and fair dealing, the breach of which fiduciary duty may be considered an independent tort." *Id.* at *10. The ICA thus held that the tort of bad faith is subject to the two year limitations period imposed by H.R.S. 657–7. *Id.* at *7 (citations omitted).

In applying substantive Hawaii law in this diversity action, the Court is faced with a dilemma and must use its best judgment in predicting how the Hawaii Supreme Court would decide this issue. *See Takahashi v. Loomis Armored Car Serv.,* 625 F.2d 314, 316 (9th Cir.1980). The Court finds that the Hawaii Supreme Court is likely to affirm the two year limitations period articulated in *Christiansen* for three reasons. First, the ICA expressly rejected and distinguished the well settled California rule that an action for bad faith is an action "on the policy." *Christiansen,* 1998 WL 119434 at *8. Second, the Hawaii Supreme Court has recently granted certiorari in the *Christiansen* case. Third, in adopting the tort of bad faith in the insurance context, the Hawaii Supreme Court rejected the argument that the tort of bad faith was duplicative of tortious breach of contract. The Hawaii Supreme Court categorized an "insurer's duty of good faith and fair dealing as one implied by law that is 'independent of the performance of [the insured's] contractual obligations.'" *Christiansen,* 1998 WL 119434 at *9 (citing to *Best Place,* 82 Hawai'i at 128, 920 P.2d 334).

In the instant case, State Farm paid its last UIM benefit on May 26, 1994. Thus, the

applicable statute of limitations for plaintiff's claim of bad faith denial or the tort of breach of the implied covenant of good faith and fair dealing expired on May 26, 1996. The complaint at issue was not filed until May 1, 1997, almost one year after the limitations period had lapsed. Accordingly, to the extent that plaintiff's complaint alleges a claim for the tort of bad faith denial of benefits, the Court GRANTS summary judgment as to plaintiff's claim for the tort of bad faith.

### B. *Tortious Breach of Contract*

■ Hawaii law recognizes that every contract implies a covenant of good faith and fair dealing. *Gerner v. Estate of James Campbell,* 72 Haw. 4, 5, 803 P.2d 199 (1990); *Hawaii Leasing v. Klein,* 5 Haw.App. 450, 456 n. 6, 698 P.2d 309 (App.1985). Prior to the recognition of the tort for bad faith, Hawaii federal district courts routinely recognized that, under Hawaii law, breach of the implied covenant of good faith and fair dealing could give rise to a claim for tortious breach of contract. *See Genovia v. Jackson Nat'l Life Ins. Co.,* 795 F.Supp. 1036, 1046 (D.Haw. 1992); *Keiter v. Penn Mutual Ins. Co.,* 900 F.Supp. 1339, 1344 (D.Haw.1995). In *Dold v. Outrigger Hotel,* the Hawaii Supreme Court adopted a separate cause of action for tortious breach of contract. 54 Haw. 18, 21–22, 501 P.2d 368 (1972). Under *Dold,* a party may recover compensatory tort damages if the "contract was breached in a wanton or reckless manner as to result in tortious injury." *Id.* at 22, 501 P.2d 368. Additionally, under *Dold,* a plaintiff may recover punitive damages for a contractual breach "when the defendant's conduct can be characterized as malicious, oppressive, or otherwise outrageous ...." *Genovia,* 795 F.Supp. at 1042 (citing to *Dold,* 54 Haw. 18, 501 P.2d 368; *Masaki v. General Motors Corp.,* 71 Haw. 1, 780 P.2d 566 (1989)). Moreover, unless the contract otherwise provides, a breach thereof would apparently be governed by the six year limitations period imposed by H.R.S. § 657–1(1), general contract actions.

■ At the hearing on this matter, plaintiff's counsel argued that the complaint does not state a claim for UIM benefits or for bad faith denial. Rather, plaintiff's complaint purportedly alleges a separate claim for breach of the implied covenant of good faith and fair dealing which sounds in contract. The Court construes plaintiff's claim as one for tortious breach of contract. The Court finds that plaintiff has failed, as a matter of law, to demonstrate that State Farm breached the insurance contract at issue. Rather, it appears that State Farm effectively discharged all of its contractual duties, first by following the case through arbitration and ultimately by paying plaintiff $35,000.00 in UIM benefits. As the Court cannot at this time identify a breach of contract, it necessarily follows that there is simply no material issue of fact whether the defendant's alleged breach of contract was sufficiently "wanton or reckless" to justify recovery for tortious breach. Moreover, the Court notes that even if this suit is characterized as one under the no-fault policy rather than under the UIM portion thereof, this action is barred by the limitations period as stated in the contract. The standard conditions of the State Farm insurance policy provide that:

> There is no right of action against us: ...
> (d) under the no-fault coverage, more than two years after the latest of:
> (1) the date of the accident;
> (2) the last payment of no-fault benefits; or
> (3) the entry of a final order in arbitration.

Insurance Policy, p. 21. The final arbitration award was issued on April 24, 1994. Plaintiff failed to file the instant suit within the applicable two year limitations period. Accordingly, the Court GRANTS summary judgment as to plaintiff's claim of breach of the implied covenant of good faith and fair dealing, i.e., tortious breach of contract.

### III. *Intentional And Negligent Infliction of Emotional Distress*

■ Plaintiff's complaint refers to "severe mental anguish, emotional distress and worry." Complaint, ¶ 22, p. 4. Though not raised by defendant, the Court feels compelled to sua sponte address the statute of limitations for negligent/intentional infliction of emotional distress. Negligent and intentional infliction of emotional distress claims are both personal injury claims, and therefore fall within the limits outlined in H.R.S. § 657–7:

**1210**

*Ellison v. Northwest Airlines, Inc.,* 938 F.Supp. 1503, 1515 (D.Haw.1996); *Au v. Au,* 63 Haw. 210, 626 P.2d 173 (1981). Section 657–7 states that "an action for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued." H.R.S. § 657–7. A cause of action accrues when "the plaintiff knew or should have known" of the causal connection between the defendant's action and the damage done. *Hays v. City and County of Honolulu,* 81 Hawai'i 391, 393, 917 P.2d 718(1996).

It cannot be disputed that by the time the UIM benefits were paid, plaintiff either knew or should have known that State Farm's alleged refusal to engage in settlement negotiations caused him injury. The two year limitations period of H.R.S. § 657–7 expired on May 24, 1996, therefore any claims for emotional distress are time barred and summary judgment is GRANTED.

#### IV. *Punitive Damages*

 Plaintiff's complaint apparently alleges a separate claim for relief for punitive damages. Complaint, ¶ 24, p. 4. Well settled is the notion that punitive damages does not, in and of itself, state a separate cause of action in tort, but is incidental to a separate cause of action. *Ross v. Stouffer,* 76 Hawai'i at 466, 879 P.2d 1037. Insofar as the Court has GRANTED defendant's summary judgment motion as to any claim which could be accompanied by an incidental request for damages, summary judgment as to punitive damages is warranted and hereby GRANTED.

#### CONCLUSION

For the foregoing reasons, the Court GRANTS summary judgment in favor of defendant State Farm.

IT IS SO ORDERED.