KONA ENTERPRISES, INC., individually and derivatively on behalf of Hanford's, Inc. and Nationwide Industries, Inc., Plaintiff—Appellant,

v.

ESTATE OF Bernice Pauahi BISHOP, by and through its trustees, Henry H. PETERS, Myron B. Thompson, Oswald K. Stender, Richard S.H. Wong, and Lokelani Lindsey; Matsuo Takabuki; William S. Richardson, individually; Myron B. Thompson, individually; Henry H. Peters, individually; Hanford's Inc.; Nationwide Enterprises, Inc.; Montrose Nationwide Limited Partnership; Snap Products, Inc.; Hanford's Creations, Inc., and John Does 1–10, Defendants—Appellees,

v.

Wayne M. Rogers, as general partner of Balanced Value Fund; Bilau Partners, as general partner of Tach One; Laura F. Rogers, as general partner of Bilau Partners; William M. Rogers, IV; Wayne M. Rogers & Co., as general partner of Balanced Value Fund, and John Does 11–30, Third–party–defendants—Appellants.

No. 05–17186.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2007.

Filed July 17, 2007.

James M. Sattler, Esq., Honolulu, HI, Russell S. Walker, Reid W. Lambert, Woodbury & Kesler, P.C., Salt Lake City, UT, for Plaintiff–Appellant/Third–party–defendants—Appellants.

Kelly G. LaPorte, Esq., Elija Yip, Esq., Cades, Schutte, Fleming & Wright, Honolulu, HI, for Defendants—Appellees.

Before: ALARCÓN, BERZON, and TALLMAN, Circuit Judges.

## MEMORANDUM *

In this diversity action, Kona Enterprises, Inc. ("Kona"), Wayne Rogers, Bilau Partners, Wayne Rogers IV, and Laura Rogers (collectively, "appellants") challenge multiple district court decisions in favor of the Estate of Bernice Pauahi Bishop ("the Bishop Estate").[1] Following the district court's dismissal of the underlying action brought by Kona, Balanced Value Fund ("BVF"), Tach One, Wayne Rogers, and Jack Gertino ("plaintiffs," collectively), *Kona Enters., Inc. v. Estate of Bishop,* 51 F.Supp.2d 1048, 1057 (D.Haw. 1998), the Bishop Estate sought recovery of attorney's fees under Hawaii law. In 1999, the district court entered a fee award against Kona, Tach One, and BVF; on appeal, we remanded for recalculation in light of intervening state law. *Kona Enters., Inc. v. Estate of Bishop (Kona III),* 229 F.3d 877, 891 (9th Cir.2000). Subsequently, the district court entered two more fee awards, and the Bishop Estate sought recovery of Tach One's and BVF's fee obligations in a third-party action to enforce the awards, naming Bilau Partners, Wayne Rogers, Wayne Rogers IV, and Laura Rogers as third-party defendants.[2] Appellants now challenge the district court's summary judgment against third-party defendants as well as the underlying fee awards. We affirm in part and dismiss in part.

1. The district court did not err when it granted summary judgment in fa-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Other individuals and entities were named as defendants in the original dispute, but for purposes of this appeal, all issues pertain to the Bishop Estate.

2. Wayne Rogers & Co. and John Does 11–30 were named as third-party defendants and are appellants, as well; however, no claims are asserted on their behalf in this appeal.

vor of the Bishop Estate in its third-party action to recover attorney's fees from Bilau Partners, Wayne Rogers, Laura Rogers, and Wayne Rogers IV. Tach One is a California limited partnership, and under California law its general partners are liable for all outstanding debts incurred by the partnership. *See* Cal. Corp.Code § 16306(a). When the Bishop Estate filed its third-party complaint, Bilau Partners was Tach One's only general partner, and Bilau Partners' subsequent merger into Bilau, LLC did not extinguish the disappearing entity's liability. *See id.* § 16914(a)(3) (explaining that pending proceedings may be pursued against either the surviving entity or the disappearing entity). Thus, the district court properly concluded that Bilau Partners was liable for Tach One's fee obligations. Similarly, because the Bishop Estate could not recover from Bilau Partners (which had insufficient assets to pay), the Bishop Estate also could seek recovery from Wayne Rogers, Wayne Rogers IV, and Laura Rogers, as general partners in Bilau Partners. *See id.* § 16306(a).

■ Wayne Rogers also is liable individually for BVF's portion of the fee awards. Like Tach One, BVF is a California limited partnership. Wayne Rogers's claim that the entity Wayne Rogers & Co. has replaced him as BVF's general partner is belied by the partnership's failure to file an amended certificate of limited partnership as required by California law. *See id.* § 15642 ("[A] person who ceases to be a general partner of a limited partnership, shall be deemed to be acting as a general partner with respect to a third party doing business with the limited partnership, until an amended certificate of limited partnership is filed."). Thus, the district court was correct that Wayne Rogers was liable for BVF's obligations.

■ 2. The district court properly set the date from which post-judgment interest would accrue under 28 U.S.C. § 1961(a) as the date of the district court's original award of attorney's fees. "Interest runs from the date that entitlement to the fees is secured, rather than from the date that the exact quantity of fees is set." *Friend v. Kolodzieczak*, 72 F.3d 1386, 1391–92 (9th Cir.1995). In *Kona III* we affirmed the district court's finding that the Bishop Estate was the "prevailing party" and that Kona, BVF, and Tach One were the "losing parties" within the meaning of the Hawaii attorney's fees statute, Haw.Rev.Stat. § 607–14. 229 F.3d at 887–89. We remanded solely for reconsideration of the fee calculation in light of an intervening decision from the Hawaii Supreme Court. *Id.* at 889 (citing *TSA Int'l Ltd. v. Shimizu Corp.*, 92 Hawai'i 243, 990 P.2d 713, 734 (1999)). Thus, the remand did not affect the Bishop Estate's entitlement to fees, and appellants therefore are liable for post-judgment interest accruing from the date of the district court's original award of attorney's fees—April 6, 1999.

■ 3. The district court did not abuse its discretion when it granted the Bishop Estate's motion to strike certain exhibits that were filed four days after the deadline for filing an opposition to the Bishop Estate's motion for summary judgment. Third-party defendants did not establish "excusable neglect," *see* Fed.R.Civ.P. 6(b)(2), where they had repeatedly delayed filing an opposition, the late filing resulted in the Bishop Estate losing over half the time allotted for preparing a reply, and the exhibits' untimeliness was due to counsel's mistaken understanding of local filing rules. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (laying out factors for "excusable neglect" analysis); *see also Kyle v. Campbell*, 28 F.3d

928, 931 (9th Cir.1994) ("Although the Court in *Pioneer* recognized that 'excusable neglect' is a flexible, equitable concept, the Court also reminded us that inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." (internal quotation marks omitted)). The district court applied the *Pioneer* factors, and there was no abuse of discretion in striking the untimely exhibits.

■ 4. Appellants' challenge to the district court's underlying fee awards are time barred because they filed a Notice of Appeal on October 24, 2005, within thirty-days of the district court's summary judgment in the third-party action, but well beyond the filing window for the 2003 and 2004 fee awards. *See* Fed. R.App. P. 4(a)(1)(A). "Because the issue of attorney's fees and determination of the merits are collateral to one another, it follows logically that an award of attorney's fees … become[s] final and appealable [when] the amount of the fee is determined." *Intel Corp. v. Terabyte Int'l, Inc.,* 6 F.3d 614, 617 (9th Cir.1993). "[A]n order unconditionally fixing fees, docketed after the docketing of the final merits judgment, is a separate final judgment…." *Johnson v. Orr,* 897 F.2d 128, 130 (3d Cir.1990). The 2003 and 2004 fee awards specified the exact amounts owed to the Bishop Estate by Kona, BVF, and Tach One, rendering the awards appealable immediately upon entry. Therefore, Kona, as an original plaintiff (now appellant), failed to properly appeal the awards before their respective thirty-day periods expired.

■ Although not parties to the underlying action, third-party defendants Wayne Rogers, Wayne Rogers IV, Laura Rogers, and Bilau Partners nevertheless are collaterally estopped to challenge the district court's fee determination. A federal district court decision has preclusive effect where:

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

*Hydranautics v. FilmTec Corp.,* 204 F.3d 880, 885 (9th Cir.2000) (internal quotation marks omitted). Here, the challenge to the district court's application of Haw.Rev. Stat. § 607–14 requires relitigating the same issue settled in the 2003 fee award, which became final upon entry. Furthermore, the Rogerses and Bilau Partners (third-party defendants) were in privity with BVF and Tach One (original plaintiffs)[3] because they "represent[ ] precisely the same right in respect to the subject matter involved" in the earlier fee proceeding. *United States v. Schimmels,* 127 F.3d 875, 881 (9th Cir.1997) (internal quotation marks omitted). Indeed, as BVF's only general partner, Wayne Rogers was liable for the entity's obligations, and in that role, he had both a close relationship to and substantial participation in BVF's legal affairs and strategy. *See Irwin v. Mascott,* 370 F.3d 924, 930 (9th Cir.2004) (noting that privity is established frequently where the parties in question share "a close relationship, substantial participation, and tactical maneuvering"); *see also id.* (concluding that a corporation was the virtual representative of its senior corporate officer because the officer had been inti-

---

**3.** Although they had been dismissed by the time the district court considered the Bishop Estate's motion for attorneys fees, BVF and Tach One were represented by the same counsel as Kona. Indeed, Kona's objections to the special master's 2003 and 2004 recommendations were filed on behalf of Kona, BVF, and Tach One.

mately involved in the earlier litigation and there was "no assertion that [the officer's] interests diverged" from the corporation's).

The same analysis applies to Bilau Partners and the Rogerses in regard to Tach One. In its capacity as general partner, Bilau Partners was responsible for Tach One's outstanding debts, and Laura Rogers, Wayne Rogers, and Wayne Rogers IV were derivatively responsible as Bilau Partners' general partners. Neither Tach One nor BVF was a behemoth business organization, and there is no support in the record that the third-party defendants were unaware of the fee litigation— especially in light of the fact that the third-party complaint was served two years *before* the district court entered the final fee awards. Indeed, since the filing of the original complaint, Kona, BVF, Tach One, Bilau Partners, and the Rogerses have been represented by the same law firm. Thus, because the third-party defendants represent the same interests as the parties liable under the fee awards, they are barred from relitigating the Bishop Estate's entitlement to attorney's fees under Hawaii law.

5. Were we to reach appellants' challenge to the district court's fee determination under Hawaii law, we would affirm the lower court's assessment. Even if some of the claims pled in the Second Amended Complaint did not sound in the nature of assumpsit, *see* Haw.Rev.Stat. § 607–14, it would be impracticable to apportion fees in this case. *See TSA Int'l Ltd.*, 990 P.2d at 734 (requiring courts to analyze each claim under Haw.Rev.Stat. § 607–14 and apportion fees between tort and assumpsit claims if practicable); *cf. Blair v. Ing*, 96 Hawai'i 327, 31 P.3d 184, 189–90 (2001) (concluding that it would be impracticable

to apportion fees where one of only two claims sounded in tort). Each of the Second Amended Complaint's claims are based on the same factual allegations, and each seeks the same damages. *See Gerner v. Trustees Under Will & Estate of Campbell*, 72 Haw. 4, 803 P.2d 199, 201 (1990) (noting the difficulty of apportionment between successful defendants where "each count of the complaint re-alleges once more all of the paragraphs preceding it in the complaint"). More importantly, because this case was dismissed before the Bishop Estate even filed an answer, the Bishop Estate did not incur attorney's fees that easily could be apportioned to any of the individual claims.

**DISMISSED in part. AFFIRMED in part.** Costs are awarded to Appellees.